# .Wise, Appellant, *v.* Philadelphia.

*Negligence—Contributory negligence—Evidence — Elevators — Judgment n. o. v.*

In an action against a city to recover damages for the death of plaintiff's husband, judgment for the defendant n. o. v. was held proper where it appeared that decedent was killed while working in an elevator shaft belonging to defendant city, in consequence of his allowing a part of his body to extend into an adjoining shaft in which he knew a car was in operation, and where no negligence in operating the car which struck him was shown.

Argued Jan. 16, 1913. Appeal, No. 287, Jan. T., 1912, by plaintiff, from judgment of C. P. No. 1, Philadelphia Co., March T., 1908, No. 1920, in favor of defendant n. o. v. in case of Anna Katherine Wise v. City of Philadelphia. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KINSEY, J.

The facts are stated in the opinion of the Supreme Court.

The jury rendered a verdict in favor of plaintiff for $1,800.00.

Subsequently the court entered judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was the entry of judgment for defendant n. o. v.

*John J. McDevitt, Jr.*, for appellant.

*John H. Minds*, Asst. City Solicitor, with him *Joseph A. Dolan*, Asst. City Solicitor, and *Michael J. Ryan*, City Solicitor, for appellee.

PER CURIAM, February 24, 1913:

The plaintiff's husband who was employed by a contractor was killed while engaged in repairing an air cushion in an elevator shaft in a building owned by and in the charge of the city. While working in shaft No. 7 he allowed a part of his body to extend into shaft No. 8, where it was struck by a descending car. He had worked in shaft No. 7, several days, during all of which time the car in shaft No. 8 was in use. He knew it was in use at the time he was struck by it, because a few minutes before he had, at the request of the operator, adjusted the door of the car to make it work easier and had told the operator it was right and to go on and run the car. It was not shown that there was negligence in operating the car and it clearly appeared that the injury was caused by the want of care by the deceased in exposing himself to a manifest danger. A verdict might have been directed against the plaintiff on either ground and there was no error in entering judgment non obstante veredicto for the defendant.

The judgment is affirmed.