O'MALLEY v. WHITNEY CENTRAL
NATL. BANK ET AL.

(July 1, 1930. Opinion and Decree.)
(October 20, 1930. Rehearing Refused.)
(December 2, 1930. Writs of Certiorari and
Review Refused by Supreme Court.)

Chas. A. O'Niell, Jr., of New Orleans, attorney for plaintiff, appellant.

St. Clair Adams, of New Orleans, attorney for Whitney Bank.

E. M. Wallett, Jr., of New Orleans, attorney for Forrest C. Pendleton, Inc.

Edward Rightor, of New Orleans, attorney for General Accident and Life Assurance Corp., Ltd.

JANVIER, J. Plaintiff, a painter employed by Frank J. Matthews Company, Inc., painting contractors, was injured while engaged in cleaning the walls of an elevator shaft in the office building of the Whitney-Central National Bank in this city. In order to do the work, the employees of the Matthews Company were instructed to stand on the top of one of the elevators so that they might scrub as much of the wall as they could thus reach, after which, by slightly lowering the elevator, a fresh surface would be accessible.

There was no dividing wall between the various elevator shafts, and, as plaintiff leaned over into the adjoining shaft, a descending elevator struck him on the head, causing the injuries for which he now seeks to recover.

The insurers of his employer paid him compensation for the period of his disability and, by intervention, claim reimbursement out of such sum as plaintiff may recover.

Forest C. Pendleton, Inc., is also made a defendant because it is alleged that the descending elevator in the adjoining shaft was being operated by an employee of the Pendleton Company, which company was under contract with the Whitney-Central National Bank to furnish detective and watchmen's service.

It is alleged that the bank was negligent, in that it allowed the elevator adjoining that on which petitioner was standing to be operated when there was no necessity therefor and without notice or warning to petitioner, and it is charged that the Pendleton Company is responsible because of the negligence of its employee in operating the said adjoining elevator.

The accident took place at about 3 o'clock in the morning, and it is contend-

ed by plaintiff that, since there were six elevators on that side of the building, and since at that time in the early morning there was no necessity for more than one or two cars to be in operation, other cars should have been selected and the employees should not have been permitted to use the one immediately adjoining that on which plaintiff was working.

Both defendants contend that the negligence of plaintiff in leaning over into the adjoining shaft was the cause of the accident; that he had been several times warned against allowing his body or his head to protrude beyond the shaft in which he was working and that, in addition to the verbal warning, he should have noticed that the adjoining car had passed up and down several times; and that any normal, reasonable person would have known that it was dangerous to allow any part of his body to protrude into the path of the adjoining elevator.

The Whitney-Central National Bank also contends that the petition sets forth no cause of action against it, and it, in fact, had nothing whatever to do with the affair, since both the Matthews Company and Pendleton, Inc., were independent contractors, for whose actions the bank was not responsible.

We find it unnecessary to consider these other defenses, since the record convinces us that the proximate cause of the accident was the fact that O'Malley unnecessarily allowed his head to extend over into the pathway of the adjoining elevator, and that, even in the absence of verbal instructions, any prudent man would not have done what he did.

The evidence makes it quite certain that several times during the night the car which caused the injury had passed both up and down, and that plaintiff was, or should have been, cognizant of the fact that it was in operation.

He admitted that he had been instructed that it was not necessary to reach beyond a certain line, and that he did reach beyond the line in question is, of course, apparent from the fact that the accident occurred.

We think that the facts of this case bring it squarely within the doctrine announced in Wise v. Philadelphia, 239 Pa. 392, 86 A. 862, 863, 5 N. C. C. A. 85 (1913), in which the court said:

"Plaintiff's husband, who was employed by a contractor, was killed while engaged in repairing an air cushion in an elevator shaft in a building owned by and in the charge of the city. While working in shaft No. 7, he allowed a part of his body to extend into shaft No. 8, where it was struck by a descending car. He had worked in shaft No. 7 several days, during all of which time the car in shaft No. 8 was in use. He knew it was in use at the time he was struck by it, because a few minutes before he had, at the request of the operator, adjusted the door of the car to make it work easier and had told the operator it was right and to go on and run the car It was not shown that there was negligence in operating the car, and it clearly appeared that the injury was caused by the want of care by the deceased in exposing himself to a manifest danger. A verdict might have been directed against the plaintiff on either ground, and there was no error in entering judgment non obstante veredicto for the defendant. The judgment is affirmed."

Familiar as we are with the noise made by elevators at all times and particularly in the dead of night, it would be hard to understand why plaintiff did not hear the elevator approaching, were it not for the proof contained in his own testimony that, at times, he is practically entirely deaf. He said: "There is times I am deaf as a bat."

That this condition was not generally known, and that therefore other persons might assume that he was capable of hearing approaching danger, is also shown by the testimony of plaintiff himself in his remark:

"I am sure I didn't tell him I am deaf. I don't tell anybody that until they find it out."

We find no fault in either defendant, but we quite agree with the conclusion reached by the trial judge.

The judgment appealed from is affirmed.